Swift, J., dissenting: I generally agree with the analysis set forth in Judge Foley’s dissent and with his suggested conclusion that the petition herein be treated as timely. In this case, however, I would not conclude, as a matter of law, that respondent’s failure to provide in the notice of deficiency the specific due date for filing a Tax Court petition automatically provides the taxpayer an unlimited period of time to do so. Respondent’s failure to provide the due date should extend the deadline for the filing of a Tax Court petition for a reasonable period of time based on the facts and circumstances of each case and based on the intent and conduct of the taxpayer. In the current case there is no evidence of intentional mischief by petitioner, and — in the realities of the business world — 56 days (including weekends and holidays), particularly in the absence of a due date provided by respondent, is but a blink. Herein, I would conclude that the petition is timely.